UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **LORENZO COLLINS,** | ) | CASE NO. 1:12 CV 1925 |
| | ) | |
| Petitioner, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **WARDEN, Madison Correctional Inst.,** | ) | |
| | ) | |
| Respondent . | ) | |

Before the Court is the Motion for Court to Appointment the Federal Public Defendant ro Represent Petitioner because the Federal Public Defender Has Stated That He Would Be Pleased to Accept Appointment in This Case. (**Doc #: 26.**) For the following reason, the Motion is **DENIED**.

**I.**

There is no constitutional right to counsel in a habeas corpus proceeding brought by a state prisoner under 28 U.S.C. § 2254. *Gorrasi v. Warden, Pickaway Correctional Inst.*, No. 1:12 CV 65, 2012 WL 4342624 at *1 2012) (citing *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). The Court *may* appoint counsel for any financially eligible person seeking relief under§ 2254 if the interests of justice so require. 18 U.S.C. § 3006A(a)(2). The decision to appoint counsel is within the discretion of the court. *Gorrasi*, 2012 WL 4342624 at *1 (citing *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). Factors to be considered include the complexity of the factual and legal issues in the case, as well as the petitioner's ability to investigate facts and

present claims. *Id.* (citing *Reese v. Fulcomer*, 946 F.2d 247, 264 (3d Cir. 1991). Circuit courts have found no abuse of a district court's discretion when failing to appoint counsel where no evidentiary hearing was required or the issues were "straightforward and capable of resolution on the record." *Id*. (quoting *Terrovona v. Kincheloe*, 912 F.2d 1176, 1177 (9th Cir. 1990) and citing *Ferguson v. Jones*, 905 F.2d 211, 214 (8th Cir. 1990) and *Reese*, 946 F.2d at 264.).

## II.

Having reviewed the pending motion, the Federal Public Defender's attached letter, and the record, the Court finds that the issues to be decided are simple, straightforward, and capable of resolution on the record. It appears that two of the five grounds for relief have been procedurally defaulted; one ground was unaccompanied by a contemporaneous objection; and only the remaining two grounds require substantive review. The Court is confident that appointment of the Federal Public Defender is unnecessary and a waste of its resources as no complex issues have been presented and no evidentiary hearing is required.

Accordingly, the pending Motion is hereby **DENIED**.

**IT IS SO ORDERED.**

 */s/ Dan A. Polster     November 18, 2013*
**Dan Aaron Polster**
**United States District Judge**