UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **LORENZO COLLINS,** | ) | CASE NO. 1:12 CV 1925 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **WARDEN ROSS CORRECTIONAL INST.,** | ) | |
| | ) | |
| Respondent. | ) | |

This case is before the Court on the Report and Recommendation of Magistrate Judge Greg White ("R&R"). (**Doc #: 15**.) Magistrate Judge White recommends that the Court deny the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (**Doc #: 4**.) For the following reasons, the Court **DENIES** the habeas petition and dismisses the case with prejudice.

**I.**

On March 16, 2007, a jury found Petitioner Lorenzo Collins guilty of four counts of murder, five counts of aggravated arson, and one count of arson – for which he was sentenced to an aggregate prison term of 106.5 years to life. On direct appeal, because the trial judge commented to the jury that Petitioner was in jail, the case was remanded for a new trial. Prior to being retried, Petitioner filed a motion to suppress evidence obtained from a search of an automobile and his statement to Cleveland Police, which motion was denied. On June 14, 2010, a jury found Petitioner guilty of the same ten counts – for which he was sentenced to an

aggregate prison term of 111.5 years to life. On direct appeal, the court sustained one of six assignments of error and remanded for resentencing based on the State's concession that the felony murder and aggravated arson counts should merge. The trial court imposed an aggregate prison sentence of 71.5 years to life.

## II.

Petitioner now raises five grounds for relief: the trial court erred in failing to grant his motion to suppress (Ground One); the trial court erred in failing to give the jury an instruction on the value of a co-defendant's testimony (Ground Two); the trial court erred in failing to give the jury an instruction on involuntary manslaughter, and appellate counsel was ineffective for failing to challenge trial counsel's effectiveness in failing to object to the omission of this instruction (Ground Three); the trial court erred in failing to give the jury an instruction on reckless homicide (Ground Four); and his sentence is unconstitutional because the sentencing court failed to merge the four felony murder counts for four separate victims into one (Ground Five).

Petitioner devotes a significant amount of his brief to what he perceives is the Magistrate Judge's error in finding that Petitioner had failed to exhaust his claims. (Doc #: 29, at 2-8.) In fact, the Magistrate Judge explained the exhaustion requirement in one paragraph of the R&R (Doc #: 15, at 10), subsequently explained the distinction between the concepts of exhaustion and procedural default (id., at 11), and did not find that Petitioner failed to exhaust any of his grounds for relief.

The Magistrate Judge did properly find that, while Petitioner raised Ground Two (i.e., failure of trial court to instruct the jury on the value of co-defendant testimony) on direct appeal, he failed to raise it in his brief before the Ohio Supreme Court. Thus, this claim was

procedurally defaulted based on the doctrine of *res judicata*. The Magistrate Judge also properly found, despite Petitioner' protestations to the contrary, that he procedurally defaulted Ground Five (i.e., the merger of allied offenses of similar import) for the exact same reason. In any event, with regard to this last ground, the state court noted, after addressing and agreeing with Petitioner that the aggravated arson counts should be merged with the felony murder counts, that the felony murder counts do not merge because there were four separate victims. This conclusion is a correct statement of law.

Regarding Ground Three (i.e., the trial court erred by failing to give an instruction on involuntary manslaughter), the Magistrate Judge found that the state court correctly determined that Petitioner procedurally defaulted this issue (and properly conducted plain error review of it) because his lawyer failed to make a contemporaneous objection. The Court agrees. In any event, the state appeals court thoroughly explained why it would <u>not</u> have been error for the trial court to reject such instruction. To wit, the evidence did not support such instruction.

Petitioner makes no objection to the two issues the Magistrate Judge addressed on the merits (i.e., the challenge to the constitutionality of the search of the Saab asserted in Ground One, and the failure of the trial court to give a reckless homicide instruction to the jury asserted in Ground Four). The Magistrate Judge expressly warned Petitioner that the failure to timely object to issues addressed in the R&R not only waives any appellate rights on those issues but relieves the Court of any obligation to conduct a *de novo* review of them. (See R&R, at 26) (citations omitted). Although the Court granted Petitioner two extensions of time to file objections, he failed to mention the Magistrate Judge's recommended rulings as to Grounds One

and Four. Accordingly, the Court need not review these issues. *Thomas v. Arn*, 474 U.S. 140, 148-153 (1985). *See also Wells v. Shriners Hosp.*, 109 F.3d 198, 199 (4th Cir. 1997).

### III.

For all these reasons, the Court **OVERRULES** the Objections (**Doc #: 29**); **ADOPTS** the R&R in its entirety (**Doc #: 15**), **DENIES** the habeas petition (**Doc #: 1**), and dismisses this case with prejudice.

**IT IS SO ORDERED.**

       */s/ Dan A. Polster    February 11, 2014*
**Dan Aaron Polster**
**United States District Judge**